SECOND DEPARTMENT, JUNE, 1980

(June 19, 1980)■

■ In the Matter of JAMES J. HAMMARTH, Petitioner. FREDERICK HUNZIKER et al., Respondents.—Proceeding pursuant to section 36 of the Public Officers Law to remove various named officials of the City of Rye from office. Respondents cross-move to dismiss the petition. Cross motions granted, and petition dismissed, with prejudice, and with one bill of $50 costs and disbursements payable to respondents appearing separately and filing separate papers. This court has no jurisdiction over the instant proceeding. Section 36 of the Public Officers Law only applies to officers of any "town, village, improvement district or fire district". By its terms, it does not apply to city officials (see *Blaikie v Lindsay,* 66 Misc 2d 668, 670). Even if we were not dismissing on that ground, the petition must be dismissed for failure to state a cause of action. For the most part, the voluminous petition makes vague, generalized and unfounded claims. We note that two of the bases for petitioner's claims, viz., the re-appraisal of his property and his conviction for violation of the Rye Sanitary Code, were in all respects proper. Petitioner fully renovated his home, thereby affording a basis for the large increase in its assessment. Petitioner twice filed grievances with the board of assessment review and was denied relief, but each time did not appeal any further. Concerning the conviction for violation of the sanitary code, said determination was upheld on appeal by the Appellate Term for the Ninth and Tenth Judicial Districts *(People v Hammarth,* NYLJ, April 24, 1979, p 11, col 3, mot for lv to app den 47 NY2d 1017). The foregoing would seem to indicate that the petitioner has been guilty of some wrongdoing himself, rather than the Rye officials upon whom he seeks to cast blame. Accordingly, the petition should be dismissed with prejudice to the bringing of any future actions by the petitioner against the respondents based upon the grounds alleged in the petition. Gibbons, J. P., Rabin, Gulotta and Cohalan, JJ., concur.